**IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| HEALTH CHOICE ALLIANCE, LLC, on behalf of the UNITED STATES OF AMERICA, et al. § § § § *Plaintiff/Relator,* § § v. § § ELI LILLY AND COMPANY, INC., § *et al.*, § § *Defendants.* § | | Case No. 5:17-CV-123-RWS-CMC |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. On July 25, 2018, the Magistrate Judge issued a Report and Recommendation, recommending five separate motions to dismiss Relator's First Amended Complaint ("FAC") be granted in part and denied without prejudice in part. Specifically, the Magistrate Judge recommended Defendants' motions to dismiss under FED. R. CIV. P. 12(b)(6) be denied without prejudice. The Magistrate Judge further recommended Defendants' motions to dismiss under FED. R. CIV. P. 9(b) be granted to the extent Relator's federal and state law FCA claims be dismissed without prejudice and Relator be allowed to re-plead, to the extent it deems appropriate to address the deficiencies identified in the 125-page Report and Recommendation.

This False Claims Act ("FCA") *qui tam* action was filed on June 15, 2017 by Health Choice Alliance LLC ("Relator") against Eli Lilly and Company, Inc., VMS BioMarketing, Covance, Inc., United BioSource Corporation, and HealthSTAR Clinical Education Solutions LLC (collectively,

"Defendants"). Relator alleges Defendants have engaged in three schemes that violate the Anti-Kickback Statute ("AKS") and, thus, the FCA.

The July 25, 2018 Report and Recommendation of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of Defendants' motions to dismiss has been presented for consideration. No objections to the Report and Recommendation were filed. Thus, any aggrieved party is barred from *de novo* review of the proposed findings and recommendations of the Magistrate Judge.

There being no grounds of plain error or manifest injustice, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. The Court denies without prejudice Defendants' Rule 12(b)(6) motions to dismiss on public disclosure and limitations grounds. The Court also denies Defendants' Rule 12(b)(6) motions to dismiss because the FAC fails to plead the FCA elements of falsity, scienter (or AKS element of intent), and materiality.

While sufficient to satisfy Rule 12(b)(6), the Court agrees with the Magistrate Judge the allegations in the FAC are not sufficient to satisfy the pleading requirements of FED. R. CIV. P. 9(b). (Report and Recommendation at 91-101). The FAC's kickback schemes are not sufficiently supported by specific facts as to each defendant as required by Rule 9(b). Relator has not met its burden of "sufficiently pleading the time, place, or identity details of the traditional standard, in order to effectuate Rule 9(b)'s function of fair notice and protection from frivolous suits." *United States ex rel. Nunnally v. West Calcasieu Cameron Hosp.*, 519 Fed. Appx. 890, 895 (5th Cir. 2013). As held by the Magistrate Judge, the FAC also fails to plead factual information with sufficient indicia

of reliability demonstrating a strong inference false claims were submitted to the Government. Thus, Counts 1 and 2 are dismissed without prejudice.

The Court further agrees with the Magistrate Judge the FAC does not set forth facts alleging an agreement to conspire. There is not a factual basis to determine the roles of each defendant in any agreement or each defendant's specific intent to defraud. Thus, the Count 3 conspiracy claims are also dismissed without prejudice for failure to comply with the pleading requirements of Rule 9(b).

Finally, the state law claims (Counts 4-24) are dismissed without prejudice for the same reasons. Like federal FCA claims, state law FCA claims are also subject to Rule 9(b). *See United States ex rel. Foster v. Bristol-Myers Squibb Co.*, 587 F. Supp. 2d 805, 827 (E.D. Tex. 2008). As held by the Magistrate Judge, Relator has not sufficiently supported its allegations that Defendants violated the false claims laws of the states on whose behalf they purport to sue. (Report and Recommendation at 123).

Relator is granted leave to reassert its federal and state law FCA claims to properly allege specific conduct by each defendant, as well as to plead with more specificity as required by Rule 9(b). *See United States ex rel. Bennett v. Medtronic, Inc.*, 747 F. Supp. 2d 745, 785 (S.D. Tex. 2010). Relator shall also clarify in any amended complaint the timeframe for which it is asserting claims for damages. (Report and Recommendation at 75).

Accordingly, it is hereby

**ORDERED** that Defendant VMS BioMarketing's Motion to Dismiss (Dkt. No. 66); Defendant Covance Inc.'s Motion to Dismiss (Dkt. No. 68); Defendant United BioSource Corporation's Motion to Dismiss Relator's First Amended Complaint (Dkt. No. 69); Eli Lilly and Company, Inc.'s Motion to Dismiss Relator's First Amended Complaint (Dkt. No. 71); and

Healthstar Clinical Education Solutions LLC's Motion to Dismiss Relator's Amended Complaint (Dkt. No. 88) are hereby **GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART**. It is further

**ORDERED** Defendants' motions to dismiss under Rule 12(b)(6) are denied without prejudice. It is further

**ORDERED** Defendants' motions to dismiss under Rule 9(b) are granted to the extent the federal and state law FCA claims are dismissed without prejudice and Relator is allowed to re-plead its claims, to the extent it deems appropriate to address the deficiencies identified in the July 25, 2018 Report and Recommendation. It is further

**ORDERED** that Relator shall re-plead its federal and state law FCA claims within **twenty (20) days** following the date of this Order Adopting, to the extent it deems appropriate. Relator shall also clarify in any amended complaint the timeframe for which it is asserting claims for damages. When and if Relator files a Second Amended Complaint, it shall also attach a redlined copy as an exhibit.

**SIGNED this 10th day of August, 2018.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE